GRIFFIN, Judge,
dissenting.
The opening statement and closing argument of the prosecutor in this case offer a clinic in the kind of improper behavior that trial courts are increasingly admonished to remedy, both to discourage this ever-more prevalent form of lawyer ignorance or misconduct and to offer parties some manner of assurance that their case will be tried on merit, not emotion. Even criminal defendants with lengthy criminal records whom we believe to be guilty are entitled to this. In this case, there are textbook examples of: 1) vouching for the credibility of a witness, 2) arguing facts not in evidence, 3) suggesting to the jury that the prosecutor had even more evidence of guilt but lacked the time to offer it all, 4) expressing personal beliefs about the veracity of a witness, 5) arguing police officers should be believed simply because of their status, 6) demeaning the intelligence or professional skill of defense counsel, and 7) attempting to sway the jury by appeals to their emotions. Most of the prosecutor’s improper comments were objected to by defense counsel but the trial court provided little relief.
Although there was eyewitness testimony of appellant’s guilt, there was contrary evidence as well. In such a case, it is impossible to say the error in permitting this conduct was harmless. See Pacifico v. State, 642 So.2d 1178, 1184 (Fla. 1st DCA 1994). I would reverse and require the State to try the defendant properly.